Kinni Kinnic Vill., Inc. v. Saltis, No. 511-7-10 Rdcv (Teachout, J., Oct. 19, 2011)

[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| Rutland Unit | Docket No. 511-7-10 Rdcv |

**KINNI KINNIC VILLAGE, INC.,**
**d/b/a KINNI KINNIC ASSOCIATION,**
    Plaintiff

v.

**GEORGE M. SALTIS, SR. and**
**DIANE SALTIS,**
    Defendants

### DECISION
### DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the court on a Motion for Partial Summary Judgment filed on March 4, 2011, by Defendants George M. Saltis, Sr. and Diane Saltis. Defendants are represented by Jonathan C. Heppell, Esq. Plaintiff Kinni Kinnic Village, Inc. ("Kinni Kinnic") is represented by Traccee Oakman Rupe, Esq.

### Background

This case stems from disputes between Plaintiff, a homeowners' association for the Kinni Kinnic development on Lake St. Catherine, and Defendants, homeowners in the development. The dispute stretches back to at least 2006 and concerns alleged violations of the homeowner's associations' rules regarding docks, boat lifts, and the proper storage of motorboats. Plaintiff alleges that under its rules and regulations Defendants owe it penalties for storing their motorboat on a boat lift rather than in a boat slip and for placing the boat lift in the common beach area.

Defendants do not dispute the fundament facts of the case. Instead, they raise three arguments challenging Plaintiff's ability to collect penalties. First, they argue that the homeowners' association is without authority to regulate Defendants' conduct in regards to a dock built more than 50 feet from shore. Second, Defendants challenge whether fines of $20 dollars per day are reasonable. Finally, Defendants challenge Plaintiff's allocation of Defendants' $150 dollar check to Defendants' oldest outstanding debt rather than to the payment of a 2007 dock fee as indicated on the check.

This is not the first case between these parties involving these issues. In August 2007, Kinni Kinnic filed a small claims complaint in Rutland Superior Court seeking to recover dues, assessments, fines, and attorney's fees stemming from the Saltises' installation of an unauthorized boat lift and failure to pay required dues. The Small Claims Court found in favor of the Saltises, but the Superior Court reversed on appeal. *Kinni Kinnic Vill., Inc. v. Saltis*, No. 894-11-09 Rdcv (Vt. Super. Ct. Apr. 6, 2010)

(Cohen, J.), available at http://www.vermontjudiciary.org/20062010%20TCdecisioncvl/ 2010-9-8-13.pdf The Superior Court held that Kinni Kinnic's regulations were valid and that the Saltises violated those regulations by installing a boat lift and by refusing to pay dock fees. *Id*. at 6. The case was ultimately remanded to the Small Claims Court for a calculation as to the amount of fines, costs, and attorney's fees to which Kinni Kinnic was entitled. *Id*.

## Analysis

Because the present case involves the same issues as the previous case between these parties, the doctrine of issue preclusion is at play. This doctrine, also known as collateral estoppel, bars the relitigation of issues that were actually litigated in a prior case. *Trepanier v. Getting Organized, Inc.*, 155 Vt. 259 (1990), is the leading Vermont Supreme Court case addressing issue preclusion and lays out the five elements of the doctrine:

1) Preclusion is asserted against one who was a party or in privity with a party in the earlier action;
2) The issue was resolved by a final judgment on the merits
3) The issue is the same as the one raised in the later action;
4) There was a full and fair opportunity to litigate the issue in the earlier action;
5) Applying preclusion in the later action is fair.

*Id*. at 265. Defendants concede that this action has the same parties as the previous action, that there was a final judgment on the merits, and that there a full and fair opportunity to litigation in the earlier action. They dispute whether the issues raised here are the same issues litigated in the previous action and whether the application of issue preclusion is fair.

In asserting that the issues being litigated in the two cases are not the same, Defendants seize on a statement from the Superior Court decision indicating, "The length of the Association's dock is not determinative for the purposes of this case." Defendants argue that the issue here is not the length of the dock but rather Kinni Kinnic's authority to regulate Defendants' actions over 50 feet from shore.

Defendants' reliance on this statement is misplaced. When read in its entirety, the Superior Court opinion clearly addresses Defendant's argument that Kinni Kinnic's regulations were invalid because the alleged rules violations took place more than 50 feet from shore. The Superior Court rejected the Small Claims Court's reliance on the statute governing permitting of docks over 50 feet in length and instead concluded that the agreement between Kinni Kinnic and the Defendants governed this issue. Therefore, the Superior Court necessarily rejected the argument that Defendants are now attempting to advance: namely, that Kinni Kinnic is without authorization to regulate Defendant's conduct more than 50 feet from shore.

2

The Superior Court also determined that the penalties imposed here were reasonable. It adopted the "business-judgment rule" for examining the enforcement of homeowner's association rules. Under this deferential standard, the court found that Kinni Kinnic was justified in levying fines against Defendants for violations of the rules and was entitled to recover the unpaid fines. This is the same issue that Defendants attempt to litigate here.

Turning to the fairness element, Defendant states, "With all due respect to this Court, the decision on the appeal of the previous Kinni Kinnic action against the Saltises got it wrong." Defendant then asks the court to reconsider its prior ruling that Kinni Kinnic's regulations are valid under the business judgment rule. The fairness element of the issue preclusion is not intended to be an opportunity to reopen a decision that a party disagrees with. Other than continuing to challenge the reasoning of the earlier Superior Court decision, Defendant points to no reason why applying issue preclusion in this case would be unfair. Plaintiff satisfies all five elements of issue preclusion with regard to Defendant's first two arguments. These arguments are, therefore, barred.

Finally, the court considers Defendants' argument concerning the application of $150 check. This argument was not previously litigated and is not barred by issue preclusion. The reasoning of the prior case between these parties does, however, provide guidance to the court in addressing this issue. As the earlier Superior Court decision held, the business judgment rule applies to the decisions of homeowners' associations so long as the decisions "represent good-faith efforts to further the purposes of the common interest development, are consistent with the development's governing documents, and comply with public policy." *Kinni Kinnic Vill., Inc. v. Saltis*, No. 894-11-09 Rdcv, slip op. at 5 (Vt. Super. Ct. Apr. 6, 2010) (Cohen, J.), available at http://www.vermont judiciary.org/20062010%20TCdecisioncvl/2010-9-8-13.pdf.

The application of a check, even one with "2007 dock fee" written on the memo line, to the oldest outstanding debt is clearly valid under the business judgment rule. The court will not second guess the accounting decisions of a homeowners' association. Because Plaintiff is entitled to judgment as a matter of law on this issue and because all other issues are barred by issue preclusion, Defendants' Motion for Partial Summary Judgment is denied and Plaintiff is granted summary judgment on all claims.

## ORDER

Defendants' Motion for Partial Summary Judgment is *denied*.
Plaintiff is *granted* Summary Judgment on all claims.

Dated at _____, Vermont this ___ day of _____, 2011.

_____
Hon. Mary Miles Teachout
Superior Judge

3